UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEWYNN BOYD,

    Plaintiff,

vs.                                            Case No. 16-14375

UNIVERSITY OF DETROIT MERCY,        HON. AVERN COHN

    Defendant.
_____/

# MEMORANDUM AND ORDER
# GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 13)
# AND
# DISMISSING CASE[1]

## I. Introduction

This is an employment case. Plaintiff Lewynn Boyd, proceeding pro se, claims that defendant, the University of Detroit Mercy, violated the Family Medical Leave Act (FMLA) by interfering with his FMLA rights, retaliating against him for attempting to take FMLA leave, and eventually terminating him.

Before the Court is defendant's motion for summary judgment on the grounds that there is no evidence to support plaintiff's FMLA claims. For the reasons that follow, the motion is GRANTED.

---

[1]Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

II. Background

The material facts as gleaned from the parties' papers follow.[2]

Plaintiff began working at Defendant's Mail Delivery Services Department in 2006. He was a member of the International Union of Operating Engineers Local 324 (Union).

Shortly after Plaintiff began his employment, he began having performance problems which including tardiness, absences, clocking in at unauthorized work locations, and repeated unauthorized departures from campus. He received progressive counseling and discipline for those issues, which were documented. Some instances were as follows:

- Administrative Counseling for tardiness August 2007, Written Reprimand for tardiness November 2007, one day suspension for tardiness December 2007, one day suspension for work rule violation misappropriation of property (mail), one day suspension without pay for attendance February 2009 and a three day suspension for attendance and tardiness May 2009.

- During a 5-month period (6/1/09-10/30/09) Plaintiff had 32 tardies.

- A one-month audit of the Ceridian Time Clock system confirmed that Plaintiff punched into the system at an unassigned location 7 of the 26 work days that month. Plaintiff had been instructed only to clock in at his work location, since there were numerous instances (67), when he had clocked in on his personal electronic device.

---

[2] Defendant filed a statement of material facts not in dispute in accordance with the Court's motion practice guidelines. See Doc. 13. Plaintiff filed a response. (Doc. 15). Defendant then filed a joint statement. (Doc. 17). As defendant notes, plaintiff's response contains irrelevant and argumentative statements or legal conclusions and in some instances did not respond at all to defendant's statement. Plaintiff also appears to suggest that defendant's statement relies on inadmissible evidence but does not say which evidence in inadmissible. Plaintiff did not submitted any evidence in response to defendant's statements. Under these circumstances, the background facts are largely taken from defendant's statement.

- The card access system indicates Plaintiff entering the campus after logging in on 20 days in September and October of 2009.

- The card access system also indicated several unauthorized departures from the Corktown campus during working hours. These departures were beyond any break or lunch time frames.

Eventually, Plaintiff received a five-day suspension without pay effective November 4, 2009. After an investigation, the suspension was changed to a termination effective November 11, 2009.

Following his 2009 termination, Plaintiff filed a grievance. In arbitration, the Union and Defendant agreed that Plaintiff would receive a suspension from November 5, 2009 through February 17, 2010 without pay and without benefits. At that time, Plaintiff and Defendant entered into a Last Chance Agreement (LCA) which provided that during the 24 months following reinstatement any act of insubordination, unsatisfactory work performance (including attendance and tardiness issues), or disruptive behavior would result in immediate termination of Plaintiff's employment with no right of recourse to the grievance procedure.

Shortly after entering into the LCA, Plaintiff had documented tardies on March 16, June 14, and June 26, 2010. Although Plaintiff was disciplined, he continued to be employed.

In 2014, Plaintiff's issue with attendance, tardiness, and performance arose again. Plaintiff received administrative counseling for attendance on November 10, 2014; a three-day suspension on November 21, 2014. It is these dates for which Plaintiff says he was entitled to FMLA leave to treat a shoulder injury.

Plaintiff also had no calls before start of shift on December 5, December 8, and

3

December 10, 2014. Additionally, Plaintiff showed up late on three separate dates, sometimes as late as 4 hours – December 5, 8, and 10, 2014 – without calling. Plaintiff explained his lateness has having overslept.

Plaintiff's employment was terminated effective December 15, 2014. The Union filed a grievance but later withdrew it.

As noted above, Plaintiff says he was denied FMLA leave in November of 2014 when he had a sore shoulder. The record shows that Plaintiff treated once for his injury at Southfield City Urgent Care. Plaintiff appeared on November 11, 2014, at 7:21 p.m. complaining of shoulder pain and was given a prescription for Naproxen 500 mg which he did not fill. Plaintiff had an x-ray which was negative and which noted "No significant osseous or articular abnormalities are demonstrated. There is no fracture, dislocation, inflammatory, arthritic or neoplastic change noted." The physician noted that Plaintiff could return to work on November 17, 2014, without any restrictions. Plaintiff never returned for treatment to Southfield City Urgent Care for this injury or any other reason. Additionally, he did not treat for this at his only other physician source, the John D. Dingell VA Medical Center. The return to work form submitted by Plaintiff contained no diagnosis and no limitations.

### III. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325

(1986). Rule 56 provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support a fact.

Fed. R. Civ. P. 56(c)(1).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). In so doing, the Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995).

IV. Analysis

A. Legal Standard - FMLA

To make out a claim for FMLA interference, 29 U.S.C. § 2601 et seq., an employee must show: (1) he was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of his intention to take leave; and (5) the employer denied the employee FMLA benefits to which he was entitled. Allen v. WalMart Stores, Inc., 22 F. Supp. 3d 722, 728 (E.D. Mich. 2014) (citing Donald v. Sybra, Inc., 667 F.3d 757, 761 (6th Cir. 2012)). The plaintiff bears the burden of

5

establishing each of these elements by a preponderance of the evidence. Wysong v. Dow Chem. Co., 503 F.3d 441, 447 (6th Cir. 2007).

Similarly, to establish a prima facie case of retaliation under the FMLA, a plaintiff must establish that: (1) he was engaged in an activity protected by the FMLA; (2) the employer knew that he was exercising his rights under the FMLA; (3) after learning of the employee's exercise of FMLA rights, the employer took an employment action adverse to him; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action. Seeger v. Cincinnati Bell Tel. Co., 681 F.3d 274, 283 (6th Cir. 2012) (quoting Dixon v. Gonzales, 481 F.3d 324, 333 (6th Cir. 2007)).

Where, as here, both interference and retaliation claims that are based on circumstantial evidence, the Sixth Circuit has stated that courts are to apply the traditional McDonnell Douglas burden-shifting framework. Donald, 667 F.3d at 762. That is to say, if the plaintiff meets his burden of establishing a prima facie case, "the burden shifts to the employer to offer evidence of a legitimate, non-discriminatory reason for the adverse employment action. If the employer succeeds, the burden shifts back to the plaintiff to show that the employer's proffered reason is a pretext for unlawful discrimination." Murphy v. Ohio State Univ., 549 F. App'x 315 (6th Cir. 2013), citing Bryson v. Regis Corp., 498 F.3d 561, 570 (6th Cir. 2007) (internal quotation marks omitted).

### B. Application

Plaintiff bases his FMLA claim on the contention that he suffered an FMLA-qualifying injury on or before November 11, 2014, involving his shoulder, that he

was off work for the next three days and properly reported his absences, returning to Defendant's HR department on November 17, 2014, with his doctor's certificate. Plaintiff says he was scolded by the HR rep, that the paperwork he provided was torn, and he was subsequently told he was not granted FMLA, and was given three days of unexcused absence which called for termination.

Viewing the evidence in the light most favorable to Plaintiff, Defendant is entitled to summary judgment as a matter of law on Plaintiff's interference claim because he cannot establish a prima facie case. The undisputed facts establish that Plaintiff was not entitled to FMLA leave because his shoulder injury did not constitute a "serious health condition" at the time he sought retroactive designation of FMLA leave. An employee is entitled to FMLA leave only in the event they have "a serious health condition that makes [them] unable to perform the functions of the position." 29 U.S.C. § 2612(a)(1)(D). For FMLA purposes, a "serious health condition" is "an illness, injury, impairment or physical or mental condition that involves inpatient care . . . or continuing treatment by a health care provider." 29 C.F.R. § 825.113(a). The applicable regulation states that "continuing treatment" includes any one or more of the following:

> (a) Incapacity and treatment. A period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:
> (1) Treatment two or more times, within 30 days of the first day of incapacity, unless extenuating circumstances exist, by a health care provider, by a nurse under direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider; or
> (2) Treatment by a health care provider on at least one occasion, which results in a regimen of continuing treatment under the supervision of the health care provider.

29 C.F.R. § 825.115(a)(1)-(2).

Here, Plaintiff treated only once at Southfield City Urgent Care for this injury. As noted above, he appeared on November 11, 2014, at 7:21 p.m. complaining of shoulder pain and was given a prescription for Naproxen 500 mg which he did not fill. He had an x-ray which was negative. Plaintiff never returned for treatment to Southfield City Urgent Care for this or any other reason. Additionally, he did not treat for this at any other place. Moreover, the return to work form submitted by Plaintiff contained no diagnosis and no limitation.

In his response, Plaintiff for the first time says he suffers from Graves disease and appears to suggest he was denied his FMLA rights because of this diagnosis. As Defendant points out, however, there is no evidence that Plaintiff has Graves disease and his VA medical records–the only other place he has been treated–did not mention Graves disease until December 2015, well after Plaintiff's termination. Thus, even assuming Plaintiff has Graves disease, it cannot form the basis for an FMLA claim.

On this record, there is no genuine issue of material fact that Plaintiff's shoulder injury at the time of his request for retroactive designation of FMLA leave was not a "serious health condition" under the FMLA. Thus, defendant was not obligated to provide statutorily protected leave. Therefore, Plaintiff cannot establish the third and fifth prongs of his prima facie case, namely that he was entitled to FMLA leave and that defendant denied leave to which he was entitled. Accordingly, summary judgment is appropriate on Plaintiff's FMLA interference claim.

Regarding Plaintiff's FMLA retaliation claim, he must prove that a causal connection existed between the alleged protected FMLA activity and the adverse employment action of which the employee complains. Plaintiff must establish a nexus

between his alleged submission of FMLA paperwork to defendant and his termination more than one month later, after several documented instances of no-calls and tardiness. Plaintiff has not put forth any evidence to show that there was a connection between his request for FMLA leave and his termination. Temporal proximity between the employee's legally protected activity and an adverse employment action is insufficient, without more, to establish the requisite causal connection for purposes of a prima facie analysis. The Sixth Circuit has cautioned against "drawing an inference of causation from temporal proximity alone." Vereecke v. Huron Valley Sch. Dist., 609 F.3d 392, 400 (6th Cir. 2010). Thus, Defendant is entitled to summary judgment.

Additionally, there is no evidence that defendant retaliates against employees who assert their FMLA rights. Defendant has put forth evidence that of the 105 employees who took FMLA leave at any point since January 1, 2012, the vast majority (63) are still employed. Thirteen resigned, 7 obtained long term disability, 5 retired, 3 died, and the others left for reasons unrelated to their FMLA, in most cases months or years after the leave was taken.

Even assuming that Plaintiff made out a prima facie case for FMLA interference and retaliation, summary judgment is still appropriate because Defendant had a non-discriminatory, non-retaliatory reason for terminating him–his poor attendance record. In the December 15, 2014 termination letter, Defendant clearly informed Plaintiff it was converting the December 10, 2014 suspension to a termination due to his attendance, punctuality, and inability to adhere to attendance policies.

Because Defendant has set forth a legitimate reason, the burden is now on Plaintiff to show that Defendant's stated reason for his termination: (1) had no basis in

fact; (2) did not actually motivate the action; or (3) was insufficient to warrant the action. Seeger v. Cincinnati Bell Tel. Co., 681 F.3d 274, 285 (6th Cir. 2012). Plaintiff has not done so. To the contrary, the record shows that in the last five (5) days of his employment, Plaintiff arrived to work a total of ten (10) hours late across three (3) of his last five (5) shifts. On this record, no reasonable jury could conclude that Defendant's articulated reason for his termination was a pretext for discrimination and/or retaliation.

V. Conclusion

For the reasons stated above, there is no genuine issue of material fact regarding any of Plaintiff's FMLA claims against Defendant. This case is DISMISSED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: December 27, 2017
      Detroit, Michigan